

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>(Plaintiff-Respondant) | : : : | No: CV 07-7813-GPS<br>(No: CR 01-633-GPS) |
| V. | : : | |
| ABDALLAH M. DAIS<br>(Defendant-Petitioner) | : : | |

### PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE

Petitioner, Abdallah M. Dias, (hereinafter "Dais") files this reply to government's response to petitioner's Motion to Vacate, Set Aside his conviction and sentence filed pursuant to 28 USC §2255. In its response, the government, through AUSA Peter A. Hernandez, (hereinafter AUSA Hernandez) opposes Dais' claims of relief and presents trial transcripts and affidavit from AUSA Hernandez.

Petitioner presents this attached memorandum of law in support of his §2255 petition and respectfully requests this court to grant him relief.

Respectfully Sumbitted,

Date: October 12, 2008

ABDALLAH M. DAIS (Pro Se)
Reg. No: 97782-012
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954.

## SUMMARY OF FACTS

Petitioner, ABdallah M Dais, filed his Motion to vacate and set aside his conviction, pursuant to §2255. In his motion, Dais raised a number of arguments, including Ineffective Assistance of counsel and government's <u>Brady</u> violation. The government was ordered by the court to respond to the petition.

The government, through its Assistant U.S. Attorney, Peter M. Hernandez, filed numerous motions for extension of time to respond to Dais' petition. AUSA Hernandez provided the court with affidavits that stated that he needs extension of time so that he can communicate with Dais' trial counsel. After this court denied the fifth extension of time for government, AUSA Hernandez responded to Dais' petition. Surprisingly, in his response, there is no indication whatsoever that AUSA Hernandez had ever contacted Dais' trial counsel, as provided in his earlied affidavits seeking extension of time.

AUSA Hernandez has attached yet another affidavit to his response to Dais petition. As discussed in this reply, that affidavit is not only self-serving with conclusory statements, it is not sworn or verified, not based on personal knowledge, contains multiple levels of hearsay and improperly authenticates documents. In sum, AUSA Hernandez is now attempting to rebut Dais' true facts with a "sham" affidavit. Dais hereby moves this court to strike the affidavit and disregard all the purported "facts" stated therein.

Moreover, government argues that there was sufficient evidence presented in Dais trial, to prove that Dais was guilty of the charged

offenses. This court can note that a §2255 petition is not a test for "sufficiency of evidence". It is based on the violations of constitutional rights of the criminal defendant. The ineffectiveness of counsel cannot be over-shadowed by claims of sufficiency of evidence. The tests for a ineffective assistance of counsel provides that had it not for counsel's ineffectiveness, the probable result of the criminal conviction and sentence would be different. The trial counsel's complete failure to effectively communicate, investigate and prepare a defense always constitutes ineffective assistance.

Finally, it seems that in its response, the government for the first time concedes that Almasri, who was claimed to be connected with Dais, had no dealings with Dais. AUSA Hernandez, claims that a DEA agent interviewed Almasri and informed that Alustath (the star prosecution witness) lied in Dais trial. AUSA Hernendez also states that Almasri was charged in separate indictment in 2002, and began co-operating with government since 2003.

These facts indicate that government was infact in possession of all the facts about Almasri, and his dealings with Alustath. The government knew that Dais had no dealings with Almasri, but still they presented extended prejudicial evidence, through Alustath's trial testimony. Furthermore, and perhaps evidence of greatest misconduct is, that the government, who was in possession of all the facts, still argued in Dais <u>re-sentencing</u> in 2004, of the purported hyphothetical dealings of Almasri and Dais. This false evidence thus, not only played a large part in conviction of Dais, but also greatly increased his sentencing exposure through imaginary quantities of drugs claimed to be involved in the conspiracy.

**MEMORANDUM OF LAW**

### 1. AUSA Hernandez's Affidavit should be Striken:

In its response, the government has provided the "declaration" of AUSA Hernandez to support its contentions. Appying the standard of Federal Rules of Civil procedure (Rule 56), as §2255 rules prescribe, the ASUA Hernandez declaration fails to meen any federal standards. It is not made under oath, not made based on personal knowledge, contains hearsay and double hearsay, and fails to properly authenticate the exhibits attached to the response. Moreover, as the affidavit constitutes an attorney affidavit, it is inadmissible in instant case and should be striken as AUSA Hernandez should not be permitted to "testify" in form of unsworn declarations. If the court denies Dais' request to strike the affidavit, Dais respectfully seek the disqualification of AUSA Hernandez from instant case, as he will effectively a witness in the proceedings.

When submitted, an affidavit should be based on personal knowledgs, must set forth facts that would be admissible at time of trial, and must establish the affiant's competence to testify. To be considered on a motion for summary judgment (on pleadings in §2255 proceedings), an affidavit must satisfy three prerequisites: (a) it must be sworn on personal knowledge; (b) it must state specific facts admissible in evidence at time of trial; and (c) it must be offered by a competent affiant. In ruling upon a motion for summary judgment, the courts generally will not ordinarily consider affidavits that fail to satisfy these prerequisites. See <u>Patterson v. County of</u>

Oneida, 375 F.3d 206, 219 (2nd Cir 2004); Lantec Inc. V. Novell Inc., 306 F.3d 1003, 1019 (10th Cir 2002).

The AUSA Hernandez decralarion is naither "sworn" under penalties of perjury, and nor verified. See Adickes v. S.H. Kress & Co., 398 US 144, 158 n.7 (1970) (noting that unsworn statement is not sufficient); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3rd Cir 2005)(same); Marken v. board of Regents, 276 F.3d 906, 912 (7th Cir 2002) (affidavit improper where neither sworn or certified); Watts v. Kroger Co., 170 F.3d 505, 508 (5th Cir 1999) (statements that were signed but not sworn, notorized or in affidavit from, were not competent evidence under Rule 56(e).

Moreover, a summary judgment affidavit must be made on personal knowlegde. Norita v. No. Mariana Islanda, 331 F.3d 690, 697 (9th Cir 2003). Affidavits based on "information and belief" - facts that the affiant "believes" to be true, but does not "know" are true - are not proper. See Automatic Radio v. Hezeltine research, 339 US 827, 831 (1950). With respect to any evidence submitted by affidavit, Rule 56(e) require that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P 56(e).

The AUSA Hernandez affidavit is completely inadequate under Rule 56(e). Not made on personal knowledge, it did not set forth facts that would be admissible in evidence. It is clear from AUSA Hernandz's affidavit that he did not personally review the case file of Almasri, and he did not personally contacted Almasri for information. Rather,

AUSA Hernandez relies on information from (unsworn) DEA Agent Pagel, who purports that the information is received from Almasri.

The Ninth circuit has ruled that "conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient." Casey v. lewis, 4 F3d 1516, 1527 (9th Cir 1993). If the testimony "relied on information from (unsworn) departmental ... officers, and the source of these officers' information is unclear," then it potentially relied on inadmissible hearsay evidence. See Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir 2001). It is well established rule that an affidavit should not only contain specific facts, but those facts must be admissible in evidence at time of the trial. Thus any hearsay statements, conclusory averments and unfounded self-serving declarations are insufficient in an affidavit. Patterson v. County of Oneida, 375 F.3d 206, 219 (2nd Cir 2004); Murphy v. Missouri Dept of Corrections, 297 F.3d 979, 982 (8th Cir 2004).

Finally, a party may submit documents and other exhibits to support or oppose motions for summary judgment but the courts require that those documents be attached to a Rule 56(e) affidavit that, upon personal knowledge, both identifies and authenticates each document. In it's response, AUSA Hernandez has attached numerous exhibits, which he states are trial transcripts of Dais' trial. Although, this court already has the record of the case, Dais objects to AUSA hearandez's attempt to "authenticate" the trial transcripts. In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of Fed.R.Civ.P. 56(e) and the affiant must be a person through whom the exhibits could

be admitted into evidence. See <u>Canada v. Blaine Helicopters</u>, 831 F2d 920, 925 (9th Cir 1987); Also See <u>Orr v. Bank of America</u>, 285 F.3d 764, 773-74 (9th cir 2002).

<u>See</u>, exhibits A,B,C,D and E purport to be trial transcripts of the testimony from Dais trial. They do not identify the names of the witness and AUSA Hernandez cannot authenticate these exhibits by stating in his affidavit that they are "true and correct copies". See <u>Orr v. Bank of America</u>, id at 276-77. His statement lacks foundation even if he were present when the witnesses testified at the Dais' trial.

Federal Rule 56(g) provides the court to order a party to pay reasonable expenses incurred by the party's adversary as a result of the improper affidavits. Although this rule is rarely invoked or granted, this rule has been granted in "particularly egregious" circumstances where the district court finds out that the affidavit was, in fact, submitted in bad faith or with the purpose of delay. See <u>Fort Hill Builders v. National Garage</u>, 866 F.2d 11, 16 (1st Cir 1989); <u>Klien v. Stahl GMBH</u>, 185 F.3d 98, 110 (3rd Cir 1999); <u>Murray v. Board of Educ.</u>, 111 F.Supp.2d 349 (S.D.N.Y.2000).

This court can take judicial notice that the government has time and again attempted to seek continuences to file its response. When ordered by this court to respond within a deadline, the government responds with an array of defective arguments supported with an equally defective affidavit, which is not sworn or verified, not based on any personal knowlegde, contains multiple levels of hearsay and tries to improperly authenticate documents. All such practice should be reprimanded by this honorable court.

## 2. Ineffective Assistance of Counsel: failure to inform defendant of video-tape evidence:

Dais presented sufficient facts to support his claim of the ineffectiveness of counsel for her failure to show the video to Dais, before the trial. The video-tape evidence came as a last-minute surprise for Dais, as he was never given any opportunity to intelligently review the government's evidence against him. Dais has also claimed that if the attorney would have advised and shown him the damaging video-tape evidence, he would have been instead elected to plead guilty and face a much less imprisonment. (Compare Dais' 310 months sentence with the sentence of codefendants ranging from few months to 90 months.)

The government, who requested numerous extentions of time to respond the §2255 petition on the sole reason that it wanted to confer with Dais' attorney, failed to include any references about that fact in its response. This complete failure of the government to provide the court any statement or affidavit from Dais' trial counsel to oppose the facts presented by Dais, provides a <u>prima facie</u> evidence that Dais' statement of facts are true and correct. And for the same reason, Dais' trial counsel is required as a witness for the §2255 hearing.

The Sixth Amendment requires the counsel to provide effective assistance during all parts of a criminal proceeding. A pre-trial stage is perhaps the most important stage of criminal proceeding as a defendant faced with criminal charges has to make a knowing decision to plead to charges or to assert his right to a public trial. This

-8-

knowing and intelligent decision could not be made if the counsel fails to inform the defendant of all the evidence the government possesses against him. See US v. Baynes, 687 F.2d 659 (3rd Cir. 1982) (Ruling that failure of defendant's attorney to listen to voice recordings constitutes prejudicially ineffective assistance of counsel in violation of Sixth Amendment).

There is ample of evidence in the case record that Dais had difficulties in understanding the counsel and the proceedings in the court. For the same fact, the court conducted a hearing and appointed an interpretor for Dais, so that he can understand the proceedings in his language. Furthermore, it was the counsel's duty to seek an interpreter from the court, as she knew the Dais, having a very little understanding of English, will have trouble understanding. It is evident, that if Dais would have had any opportunity to listed the taped conversations or watch the video-tape evidence, he would not have proceeded to the trial.

Furthermore, the government fails to adequately respond to the facts presented in Dais' petition. As the courts enforce the waiver rule for failure to present adequate response or evidence for a disputed issue - Dais also requests that this court should consider government's opposition to the claim at issue as being waived. For the government completely fails to present an argument or support it's argument with any evidence in form of any statements from the counsel who represented Dais at trial.

### 3. Ineffective Assistance of Counsel: Failure to call defense witness:

In his petition, Dais has presented numerous issues to support his argument ot ineffectiveness of counsel for failure to call Steven Almasri (hereinafter "Almasri") as a defense witness. Dais has provided that Almasri was the ONLY witness who could have rebutted government witness Alustath's testimony. Specifically, if Almasri would have been called as defense witness, he would have testified that he did not know Dais till he met Dais for the first time at the Los Angeles Detention Center, that Almasri did not deliver or cause to be delivered any amount to pseduephedrine to Dais through Alustath and that he has already informed the government that while he was dealing with Alustath, he was never dealing with Mr. Dais.

The government seems to concede that the facts stated by Dais are true and that Dais and Almasri "spoke about defendant's case sometime prior to June 2002." The government argues that since Almasri was charged in a different case, and represented by counsel, he would have not testified on behalf of Dais. Also, government seems to agree with Dais claims that Almasri would have testified that government's key witness, Alustath was lying in Dais trial, as the same information was provided to DEA Agent Scott Pagel by Almasri.

The government's arguments are flawed for a number of reasons. First, where the rights of the defendant and the government can be reconciled, the defendant's constitutional right to procure testimony in his favor should prevail. The Supreme Court has recognized the fundamental importance of the right of the defendant to procure

testimony in his behalf. As stated in <u>Washington v. Texas</u>, 388 US 14, 19 (1967): "T)|e right to offer the testimony of witnesses, and to compel their attendance, is necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challanging their testimony, he has the right to present his own witnesses to establish a defense. <u>This right is a fundamental element of due process law</u>," As later added by the Supreme Court in <u>Chambers v. Mississippi</u>, 410 US 284, 302 (1973), "few rights are more fundamental than that of an accused to present witnesses in his own defense."

The government witness, Alustath, was the sole witness for the government, who linked Dais to Almasri. There were no other witnesses to corroborate his testimony. In such a case, the testimony from Almasri would have clearly provided that not only Alustath is lying to the jury and the court, but also that Dais has NO ties whatsoever with the drug dealing business of Almasri. Moreover, it is very possible that Almasri would have provided some exculpatory testimony to exonerate Dais of allegedly participating in drug dealing business of Almasri and Alustath.

Moreover, the government also seems to be very concerned with the charges of Almasri and the fact that Almasri was represented by counsel. But the government never provides that Almasri would have refused to come to testify in Dais favor, or Almasri's attorney would have advised him to assert his right against self-incriminatio.

This contention of the government is also meaningless because of the reason that government's own DEA agent met with Almasri, and that meeting was possibly without the presence of Almasri's counsel.

This court can note that several self styled members of the conspiracy testified for the prosecution and inculpated Dais. Faced with this array of witnesses, the testimony of Almasri would have been exculpatory as to Dais' involvement in the alleged broad conspiracy. Besides it would also have provided that government's star witness, Alustath, is giving false statements under oath. The jury, faced with these alternative facts, could have easily swayed against the governmenr for presenting a knowing false testimony.

Moreover, Almasri's testimony would have been limited to the nature of involvement of Dais with him, and the testimony would not be incriminating in nature for Almasri. The jury could then be presented with the truth of the matter. The government's contention of Almasri's pending criminal charge at the time of Dais trial has no foundation. See <u>United States v. Pardo</u>, 636 F.2d 535, 546 (D.C. Cir 1980) ("To deny a fundamental sixth amendment right on totally unfounded speculation that matters might exits which the government will not be able to explore [because of right against self-incrimination] would make the constitutional guarantee a mockery.").

Dais respectfully requests that an evidentiary hearing be granted for proper adjudication of this issue.

### 4. Government's Failure to disclose Almasri's Statements to the Defense:

Perhaps the most troubling issue is the government's complete failure to disclose statements of Almasri to Dais, which constitute exculpatory and impeachment evidence material, in violation of the standards set by <u>Brady v. maryland</u>, 373 US 83 (1963) its progeny. As government responds, Almasri was charged in 2002 and began his cooperation in 2003, the court can take note that not even for a single time the government informed this fact to the defense.

The government has an obligation under <u>Brady v. Maryland</u> to provide exculpatory evidence to a criminal defendant. To establish a <u>Brady</u> violation, the evidence must be (1) favorable to the accused because it is either exculpatory or impeachment material; (2) it was suppressed by the government, either willfully or inadvertently; and (30 material or prejudicial. See <u>Benn v. lambert</u>, 283 F.3d 1040, 1052-53 99th Cir 2002). the government has a duty to disclose <u>Brady</u> material even in the absence of a request by the defense. See <u>Kyles v. Whitley</u>, 514 US 419, 433 (1995). For purposes of <u>Brady</u>, materiality is measured "in terms of suppressed evidence considered collectively, not by item by item." Id at 436. that is, the reviewing court should assess the "cumulative effect" of the suppressed evidence. Id at 421.

"because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned." <u>Carriger v. Stewart</u>, 132 F.3d 463, 480 (9th Cir 1997)(en banc). A prosecutor's duty under <u>Brady</u> necessarily requires the cooperation

of other government agents who might possess <u>Brady</u> material. See <u>Us v. Blanco</u>, 392 F.3d 382, 388 (9th Cir 2004). In <u>Us v. Zuno-Arce</u>, the Ninth Circuit explained why "it is the government's, not just the prosecutor's, conduct which may rise to a <u>Brady</u> violation".

> "Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does. That would undermine <u>Brady</u> by allowing the investigating agency to prevent production by keeping a report out of the prosecutor's hands until the agency has decided the prosecutor ought to have it, and by allowing the prosecutor to tell the investigators not to give him certain materials unless he asked for them."

See <u>US v. Zuno-Arce</u>, 44 F.3d 1420, 1427 (9th Cir 1995); see also <u>US v. Monroe</u>, 943 F.2d 1007, 1011 n.2 (9th Cir 1991) (stating that "the prosecution must disclose any [Brady] information within the possession or control of law enforcement personnel").

In instant case, although some facts are not yet clear, but the outline of what happened is reasonably apparent. The government did charge Almasri in a separate indictment, and possessed his complete case file. It is evident that during its investigation against Almasri, the government procured evidence that Almasri has no links with Dais. But still, they presented their copoerating witness, Alustath, to provide false testimony against Dais, linking him to a broad conspiracy with Almasri. The government, who had the duty to correct the false testimony of Alustath, was infact encouraging perjury in order to secure a conviction against Dais. This curropt practice of the government could not be condoned by the court.

Almasri's case information would have provided two kinds of evidence to Dais. First, it would have provided exculpatory evidence as Dais has no connection with Almasri, and disproved government's theory of case. Secondly, it would have provided material impeachment evidence against Alustath, who was giving false testimony against Dais, in order to receive favors and leinency from the government. And both these evidence has been ruled by the courts as material for the purposes of <u>Brady</u>.

It is well established that <u>Brady</u> is not confined to evidence that affirmatively proves a defendant innocent: Even if evidence is merely "favorable to the accused," its suppression violates <u>Brady</u> if prejudice results. See <u>Gantt v. Roe</u>, 389 F.3d 908, 912 (9th Cir 2004). In instant case, Almasri's case information and his statements were clearly favorable to Dais. That the information about Almasri was found by AUSA Hernandez at some time after trial, underscores the very principles of <u>Brady</u> doctrine; that the government's duty as a whole is to immediately disclose the material evidence. Moreover, it can be clearly said that AUSA Hernandez, who discussed Almasri's alleged activities with Dais at Dais' trial, knew about Almasri and his indictment. The court can notice that AUSA Hernandez went in great details with Alustath in his testimony, and discussed Almasri and his drug businesses.

As the Supreme Court ruled in <u>US v. Agurs</u>, 427 US 97, 110 (1976) "Nor we do believe the constitutional obligation is measured by moral culpability, or the willfulness, of the prosecutor. If evidence is highly probative of innocence is in his file, he should be presumed

to recognize its significance even if he has actually overlooked it." (footnote ommitted). Giglio v. US, 405 US 150, 154 (1972) ("Whether the non-disclosure was a result of negligence or design, it is the responsibility of the prosecutor.").

Finally, impeachment evidence is exculpatory evidence within the meaning of Brady. See US v. Bagley, 473 US 667, 676 (1985). The Brady/Giglio information includes "material ... that bears on the credibility of a significant witness in the case." See US v. Brumel-Alvarez, 991 F.2d 1452, 1461 (9th Cir 1992). Impeachmant evidence is favorable Brady/Giglio material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." id at 1458 (citing Giglio, 405 US at 154) See also US v. Serv. Deli. Inc, 151 F.3d 938, 943 (9th Cir 1998).

### 5. Request for an Evidentiary Hearing:

Dais has presented a number of facts, which is proved would constitute prejudice and establish the ineffective assistance of counsel. Moreover, §2255 requires "an evidentiary hearing 'shall' be granted 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" See Baumann v. US, 692 F2d 565, 570 (9th Cir 1982). The petitioner need not detail his evidence, but must only make specific factual allegations which if true, would entitle him to relief." id at 571. An evidentiary hearing is thus required on Dais Ineffective Assistance and Brady claims. See US v. Mejia-Mesa, 153 F.3d 925, 928 (9th Cir 1998).

## CONCLUSION AND RELIEF SOUGHT

Wherefore, pursuant to the foregoing arguments, petitioner Abdallah M. Dais, respectfully requests this honorable court to order an evidentiary hearing be granted. Petitioner further request the court to appoint him a counsel and an interpretor for the court proceedings. Finally petitioner requests this honorable court to grant his §2255 petition and order a new trial for him.

Date: October 12, 2008                     Respectfully Submitted,

                                           *[signature]*

                                           ABDALLAH M. DAIS (pro Se)

# PROOF OF SERVICE

I Certify that on __October 12, 2008__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

        Peter A. Hernandez
        Assistant U.S. Attorney
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition tot he above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __October 12, 2008__ (date) for forwarding to the Court (Central Dist. of CA) certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.

__ABDALLAH M. DAIS__                                     __October 12, 2008__
    (Signature)                                                      (Date)