UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| | | | | |
|---|---|---|---|---|
| Case No. | CR 01-633 DSF | | Date | December 21, 2015 |

Present: The Honorable   DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

Interpreter   None Present

| Debra Plato | None Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorney(s) for Defendant(s): | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (#1) Abdallah Dais | | Not | | Pro se | | | |

**Proceedings:**   (IN CHAMBERS) Order Denying Motion to Reduce Sentence (Docket Nos. 324, 325, 326, 327)

Defendant has moved pro se pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines to have his sentence reduced.

Although courts have discretion in § 3582(c)(2) proceedings to appoint counsel, "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing." United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009); see also United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (per curiam).  Because defendant's motion to have his sentence reduced is meritless, the Court declines to exercise its discretion to appoint counsel. See United States v. Richardson, 569 Fed. Appx. 504, 504-05 (9th Cir. 2014) (upholding discretionary decision not to appoint counsel in § 3582(c) proceedings where "[a]ll of the arguments [defendant] claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined").

Defendant's offense level was 38.  Based on the amount of drugs at issue, Amendment 782 did not reduce defendant's offense level.  Defendant's motions are denied.

IT IS SO ORDERED.